**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

September 30, 2019

David L. Hecht, Esq.
Pierce Bainbridge Beck Price & Hecht LLP
277 Park Avenue, 45th Floor
New York, NY 10172
*Counsel for Plaintiff*

Keith J. Miller, Esq.
Robinson Miller LLC
Ironside Newark
110 Edison Place, Suite 302
Newark, NJ 07102
*Counsel for Defendants*

### LETTER OPINION FILED WITH THE CLERK OF THE COURT

Re:   Solid 21, Inc. v. Movado Retail Group, Inc., et al.
      Civil Action No. 19-8093 (SDW) (SCM)

Counsel:

Before this Court is Defendants Movado Retail Group, Inc, Movado Group Inc., MGI Luxury Group, S.A., Ebel Watches SA, Concord Watch Company, S.A., and MVMT Watches Inc.'s (collectively, "Defendants") Motion to Dismiss Plaintiff Solid 21, Inc.'s ("Plaintiff") Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), or in the alternative, Motion For a More Definitive Statement pursuant to Rule 12(e). This Court having considered the parties' submissions, having reached its decision without oral argument pursuant to Federal Rule of Civil Procedure 78, and for the reasons discussed below, grants Defendants' motion to dismiss.

### DISCUSSION

A.

An adequate complaint must be "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v.*

*County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief").

In considering a Motion to Dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (external citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

B.

Plaintiff is the owner of a "federally recognized and incontestable trademark RED GOLD®, which is used in connection with, *inter alia*, luxury watches." (D.E. 1 ¶¶ 2-3, *see also* 16-18.) On March 7, 2019, Plaintiff filed suit against Defendants in this Court, generally alleging that they have been "selling, marketing, and advertising products utilizing the RED GOLD® mark" and have "allowed third parties to promote their products utilizing the RED GOLD® mark" in violation of federal and state trademark law and New Jersey's consumer fraud protection statute. (*Id.* ¶¶ 24-26; 33-75.)

The Complaint does not contain any information regarding when Defendants allegedly infringed upon or diluted Plaintiff's trademark, how they did so, what products Defendants allegedly marketed or allowed to be promoted, or where those products were sold. Indeed, Plaintiff has failed to plead a single fact to support any of its claims or to allow Defendants to defend against them.[1] Mere conclusory statements, such as those contained in Plaintiff's Complaint, are insufficient to state a claim under federal pleading standards for the trademark or fraud claims asserted here. *See, e.g.*, *Pub. Free Will Corp. v. Verizon Commc'ns Inc.*, Civ. No. 15-6354, 2017 WL 1047330, at *4 (E.D.N.Y. Mar. 17, 2017); *Assoc. Press v. All Headline News Corp.*, 60 F. Supp. 2d 454, 462 (S.D.N.Y. 2009). Therefore, Defendants' motion to dismiss will be granted.

**CONCLUSION**

Defendants' Motion to Dismiss the Complaint is **GRANTED**. Plaintiff shall have thirty (30) days to file an amended complaint. An appropriate order follows.

                                             ___/s/ Susan D. Wigenton_____
                                             **SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc: Parties
      Steven C. Mannion, U.S.M.J.

---

[1] Plaintiff cannot expand on its pleadings by means of examples referenced in or attached to its opposition brief. *See Ziemba v. Incipio Techs., Inc.*, Civ. No. 13-5590, 2014 WL 4637006, at *3-4 (D.N.J. Sept. 16, 2014).) Nor can Plaintiff rely on prior litigation against some of the named defendants to circumvent its pleading obligations in this matter. (*See* D.E. 20 at 1 (arguing that because "certain of the Defendants were previously sued over this very same mark," Defendants in this matter cannot "feign ignorance of what they are accused of").)