**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**SUSAN D. WIGENTON**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-645-5903 |

January 8, 2020

David L. Hecht, Esq.
Pierce Bainbridge Beck Price & Hecht LLP
277 Park Avenue, 45th Floor
New York, NY 10172
*Counsel for Plaintiff*

Keith J. Miller, Esq.
Robinson Miller LLC
Ironside Newark
110 Edison Place, Suite 302
Newark, NJ 07102
*Counsel for Defendants*

### LETTER OPINION FILED WITH THE CLERK OF THE COURT

Re: **Solid 21, Inc. v. Movado Retail Group, Inc., et al.**
    **Civil Action No. 19-8093 (SDW) (SCM)**

Counsel:

Before this Court is Defendants Movado Retail Group, Inc, Movado Group Inc., and MGI Luxury Group, S.A.'s (collectively, "Defendants") Motion to Dismiss Plaintiff Solid 21, Inc.'s ("Plaintiff") First Amended Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). This Court having considered the parties' submissions, having reached its decision without oral argument pursuant to Federal Rule of Civil Procedure 78, and for the reasons discussed below, denies Defendants' motion.

### **DISCUSSION**

A.

An adequate complaint must be "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief").

In considering a Motion to Dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (external citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

B.

Plaintiff is the owner of a "federally recognized and incontestable trademark RED GOLD®, which is used in connection with, *inter alia*, luxury watches." (D.E. 30 ¶¶ 2-3, *see also* 16-18.) On March 7, 2019, Plaintiff filed suit against Defendants in this Court, generally alleging that they have been "selling, marketing, and advertising products utilizing the RED GOLD® mark" and have "allowed third parties to promote their products utilizing the RED GOLD® mark" in violation of federal and state law. (D.E. 1 ¶¶ 24-26; 33-75.) On October 30, 2019, Plaintiff amended its Complaint ("FAC") to allege: (1) claims for direct and contributory trademark infringement, unfair competition, false description, and dilution under Sections 32(1), 43(a), and 43(c) of the Lanham Act, 15 U.S.C. §§ 1114(1), 1125(a), 1125(c); (2) trademark infringement, injury to business reputation and trademark dilution under New Jersey common law and N.J.S.A. §§ 56:3-13 and 56:4-1; and (3) deceptive acts and practices under N.J.S.A. § 56:8-2.[1] (D.E. 30.) Defendants subsequently filed the instant motion to dismiss and all briefing was timely filed. (D.E. 37, 39, 40.)

To successfully bring trademark or unfair competition claims under state or federal law, a plaintiff must plead that "(1) the mark [it seeks to protect] is valid and legally protectable, (2) [the plaintiff] owns the mark, and (3) the defendant's use of the mark is likely to create confusion concerning the origin of goods or services associated with the mark." *Emerson Radio Corp. v. Emerson Quiet Kool Co.*, Civ. No. 17-5358, 2018 WL 1169132, at *3 (D.N.J. Mar. 6, 2018) (citing *Health & Body Store, LLC v. Justbrand Ltd.*, 480 Fed. App'x 136, 145 n.15 (3d Cir. 2012) (internal citations omitted)); *see also A & H Sportswear, Inc. v. Victoria's Secret Stores, Inc.*, 237 F.3d 198, 210 (3d Cir. 2000) (noting that federal claims for trademark infringement and unfair competition, are reviewed under "identical standards"). To plead a sustainable contributory infringement claim, a plaintiff must allege facts that show "(1) supply of a product, and knowledge of direct infringement." *AT&T v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1432 (3d Cir. 1994).

The FAC clearly states that Plaintiff owns a valid and legally protectable mark, (*see* D.E. 30 ¶¶ 2-3, 15-18; Ex. 1-3), and that Defendants' use of the mark is likely to confuse consumers, (*see* D.E. ¶¶ 30-33, 35-42). Furthermore, the FAC alleges that Defendants supply product to U.S. retailers, (*see* D.E. ¶¶ 29-30), and that Defendants had constructive and actual knowledge of the

---

[1] Plaintiff does not contest the dismissal of its claim under N.J.S.A. § 56:8-2 (Count Nine), as that claim was "inadvertently included" in the FAC. (D.E. 39 at 15.) Therefore, Defendants' motion will be granted as to Count Nine.

alleged infringement, (*see* D.E. ¶¶ 46-48).  Plaintiff having sufficiently pled its trademark claims, Defendants' motion to dismiss Counts One through Eight will be denied.[2]

**CONCLUSION**

Defendants' Motion to Dismiss the First Amended Complaint is **DENIED** as to Counts One through Eight, and **GRANTED** as to Count Nine.  An appropriate order follows.

       /s/ Susan D. Wigenton     
**SUSAN D. WIGENTON, U.S.D.J.**

Orig:   Clerk
cc:     Parties
        Steven C. Mannion, U.S.M.J.

---

[2] Defendants' assertion of the fair use defense is premature at this stage of the proceedings because it requires the "consideration of facts outside the complaint and thus is inappropriate to resolve on a motion to dismiss." *Kelly-Brown v. Winfrey*, 717 F.3d 295, 308 (2d Cir. 2013); *see also Microsoft Corp. v. Softicle.com*, Civ. No. 16-2762, 2017 WL 5517379, at *5 (D.N.J. Sept. 29, 2017) (noting that any determination of "fair use" is "very fact intensive").  To the extent Defendants seek dismissal of claims relating to certain "brands," (*see* D.E. 37-1 at 8; 44 at 2), such a result is unwarranted.  The named defendants are business entities, not brands, and Plaintiff's claims are brought against those entities, not individual brands that may be marketed by Defendants.